# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0117V
Filed: November 9, 2018
UNPUBLISHED

| | |
|---|---|
| HARRIET PAUL,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Joseph Alexander Vuckovich*, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.
*Daniel Anthony Principato*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On January 26, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") following an influenza ("flu") vaccination on November 20, 2015. Petition at 1-3. On November 8, 2017, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 28.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 4, 2018, petitioner filed an unopposed motion for attorneys' fees and costs. ECF No. 34.[3] Petitioner requests attorneys' fees in the amount of $20,199.40 and attorneys' costs in the amount of $933.31. *Id.* at 1. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 1. Thus, the total amount requested is $21,132.71.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I. Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley,* 461 U.S. at 434.

## II. Attorneys' Fees

### A. Joseph Vuckovich

Petitioner requests compensation for Joseph A. Vuckovich at a rate of $313.00 for 2017 and $323.00 for 2018. ECF No. 34-3 at 16. The undersigned finds it

---

[3] The motion was filed as an unopposed motion and specifically states that respondent has no objection to petitioner's request. ECF No. 34 at 1.

necessary to reduce the requested rates due to Mr. Vuckovich's limited experience in the Vaccine Program. Considering Mr. Vuckovich's skill, experience, quality of work, reputation and the undersigned's experience evaluating fee applications in Vaccine Act cases, the undersigned finds that the following rates are appropriate for Mr. Vuckovich; $290 for work performed in 2017 and $300 for work performed in 2018.[4] This results in a **reduction of fees requested in the amount of $1,107.91**.[5]

### B. Danielle Strait

Attorney Danielle Strait billed 0.20 hours in 2017 at a rate of $320 per hour.  *Id.* at 16.  However, as is consistent with other cases in this program, Ms. Strait's rate is reduced to $307.00 per hour for work performed in 2017.[6]  This results in a **reduction of $2.60**.

### C. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. It is clearly established that secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 2.8 hours[7] was billed by Mr. Vuckovich and the paralegals on tasks considered administrative including, organizing client files, updating notes and sending

---

[4] The undersigned addressed Mr. Vuckovich's rates for work performed from 2016 – 2018 and found the awarded rates were appropriate. *Shawgo v. Sec'y of Health & Human Servs.*, No. 17-0306 at *7 (Fed. Cl. Spec. Mstr. Oct. 10, 2018).

[5] This amount consist of ($313 - $290 x 42.77 = $983.71) + ($323 - $300 x 5.4 hrs = $124.20) = $1,107.91.

[6] The undersigned addressed Ms. Strait's rate for work performed in 2017 and found $307 was an appropriate hourly rate. *Russell v. Sec'y of Health & Human Servs.*, No. 16-1091V at 8 (Fed. Cl. Spec. Mstr. July 17, 2018).

[7] Examples of these entries include: February 9, 2016 (0.1 hrs) "Receipt of properly executed Power of Attorney and update file accordingly", August 4, 2016 (0.2 hrs) "Follow up by telephone with medical providers to confirm receipt of faxed requests (x3).", September 5, 2016 (0.10 hrs) "Receipt, review and organize billing records from Cummings Associates, P.C. and update file accordingly", January 26, 2017 (0.1 hrs) "Receipt of filed and stamped petition. Update file accordingly." and February 6, 2018 (0.30 hrs) "Receipt of entitlement check and review for accuracy. Draft letter to client and prepare package for delivery of same to client." ECF No. 34-3 at 1, 3, 5, and 14.  These entries are merely example and are not exhaustive.

and receiving correspondence. For these reasons the request for attorney's fees will be **reduced in the amount of $411.00**.[8]

### III. Attorneys' Costs

Petitioner requests reimbursement for costs incurred from Maglio Christopher & Toale in the amount of $933.31.  ECF No. 34 at 1.  After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

### IV. Conclusion

Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $19,611.20[9] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Joseph Alexander Vuckovich. Petitioner requests the check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[10]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[8] This amount consists of 0.3 hours at $95 per hour, 0.7 hours at $105 per hour, 1.0 hours at $145 per hour, 0.5 hours at $148 per hour and 0.3 hours at the already reduced rate of $300 per hour.

[9] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[10] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.